UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VALERIE FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:23-cv-03756 (UNA) |
| | ) | |
| | ) | |
| UW CREDIT UNION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court grants plaintiff's IFP application and, for the reasons discussed below, it dismisses the complaint, and this matter, without prejudice.

Plaintiff, who appears to be domiciled in New York, sues (1) UW Credit Union ("UWCU"), a lender located in Madison, Wisconsin, (2) two UWCU employees, also located in Madison, Wisconsin, and (3) "(Ash 22) WI pilates owner," but no name or address is provided, in contravention of D.C. Local Civil Rule 5.1(c), and it is entirely unclear what this defendant has to do with plaintiff's claims. *See* Compl. at 1–3, 7–9.

The complaint is not a model of clarity. Indeed, plaintiff confusingly attaches two separate form complaints together, without explanation. *Compare* Compl. at 1–6, *with id.* at 7–11. Where it can be understood, plaintiff appears to allege that defendants, from 2004 to date, have violated several federal civil and criminal statutes by refusing to provide her with forms, revealing her account information "out loud," falsely reporting her delinquency in payment of a loan, threatening her, and providing poor customer service. *See id.* at 3–5, 9–10. She contends that, as a result, her

credit has been "ruined," and she demands an injunction and $330,000 in damages. *See id*. at 5, 10.

First, Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category. Furthermore, the complaint paragraphs are conflated and are not limited "to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

Second, even if plaintiff's intended claims were more coherent, and she had otherwise complied with the applicable Rules of Procedure, she has not established venue in the District of Columbia. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part

of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). Here, as pleaded, none of the parties are located in the District of Columbia, and there is absolutely no connection between plaintiff's allegations and this District.

    For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: February 5, 2024            _____/s/_____
                                                      RUDOLPH CONTRERAS
                                                      United States District Judge